IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELBERT THOMAS MARTIN,

      Plaintiff,            CV F 07 1661 AWI WMW PC

   vs.                          TRANSFER ORDER

M. ROCHE, M.D., et al.,

      Defendants.

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.

     Plaintiff is in the custody of the California Department of Corrections and Rehabilitation at the California Correctional Institution at Tehachapi.  Plaintiff brings this case, claiming that he was subjected to constitutionally inadequate medical care in violation of the Eighth Amendment to the U.S. Constitution.

     Though currently housed in Tehachapi, Plaintiff names defendants in Los Angeles, High Desert State Prison in Lassen County, the California Training Facility at Soledad in Monterey County and the California Men's Colony at San Luis Obispo, in San Luis Obispo County. Plaintiff also names defendants in Morris Plains, New Jersey.

     The federal venue statute requires that a civil action, other than one based on diversity

jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, none of the defendants reside in this district. The claim arose in Los Angeles County, Lassen County, Monterey County and San Luis Obispo County. Plaintiff also names defendants in New Jersey. Therefore, Plaintiff's claims regarding Los Angeles and the California Men's Colony should have been filed in the Central District. Plaintiff's claims regarding the Correctional Training Facility should have been filed in the Northern District. Plaintiff's claims regarding the New Jersey defendant should have been filed in the District of New Jersey. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Regarding the High Desert State Prison claims, Pursuant to Local Rule 3-120(b), a civil action which has not been commenced in the proper court may, on the court's own motion, be transferred to the proper court. Therefore, the High Desert State Prison claims will be transferred to the Sacramento Division. All future pleadings shall reference the new case number and be filed at:

United States District Court
Eastern District of California
501 "I" Street, Suite 4-200
Sacramento, CA 95814

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall open a new case for transfer to each of the following districts:

2

1   Central District of California; Northern District of California; District of New Jersey.

2       2.  Plaintiff's claims regarding Los Angeles and the California Men's Colony are
3   transferred to the Central District of California.

4       3.  Plaintiff's claims regarding the Correctional Training Facility are transferred to the
5   Norther District of California.

6       4.  Plaintiff's claims regarding the New Jersey defendants are transferred to the District of
7   New Jersey.

8       5.  Regarding the High Desert State Prison claims, this action is transferred to the United
9   States District Court for the Eastern District of California sitting in Sacramento.

10  IT IS SO ORDERED.

11  **Dated:   June 11, 2008**               /s/  **William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE