1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ELBERT THOMAS MARTIN,              No. CIV S-08-1323-MCE-CMK-P

12          Plaintiff,

13     vs.                             ORDER

14   M. ROCHE, et al.,

15          Defendants.

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  The action was originally filed in the Fresno division of this court under

19   case no. CIV-F-07-1661-AWI-WMW-PC.  On June 12, 2008, Magistrate Judge Wunderlich

20   issued an order transferring the case.  Specifically, the June 12, 2008, order stated:

21          Though currently housed in Tehachepi, Plaintiff names defendants
            in Los Angeles, High Desert State Prison in Lassen County, the California
22          Training Facility at Soledad in Monterey County, and the California Men's
            Colony at San Luis Obispo, in San Luis Obispo County.  Plaintiff also
23          names defendants in Morris Plains, New Jersey.
                   The federal venue statute required that a civil action, other than one
24          based on diversity jurisdiction, be brought only in "(1) a judicial district
            where any defendant resides, if all defendants reside in the same state, (2)
25          a judicial district in which a substantial part of the events or omissions
            giving rise to the claim occurred, or a substantial part of the property that
26          is the subject of the action is situated, or (3) a judicial district in which any

                                          1

1    defendant may be found, if there is no district in which the action may
2    otherwise be brought."  28 U.S.C. § 1391(b).

3    As to plaintiff's claims regarding defendants residing in Los Angeles County and San Luis

4    Obispo County, Judge Wunderlich transferred the action to the United States District Court for

5    the Central District of California.  As to plaintiff's claims regarding defendants residing in

6    Monterey County, the case was transferred to the United States District Court for the Northern

7    District of California.  As to plaintiff's claims against the defendants residing in New Jersey, the

8    case was transferred to the United States District Court for the District of New Jersey.  Finally, as

9    to plaintiff's claims against defendants residing in Lassen County (i.e., those claims concerning

10   events at High Desert State Prison), the case was transferred to the Sacramento division of this

11   court and assigned the case number referenced in the caption above.

12           Prior to issuing the transfer order outlined above, Judge Wunderlich granted

13   plaintiff in forma pauperis status with respect to the case pending at that time in the Fresno

14   division.  Plaintiff is required to pay the full filing fee for each separate action created by the June

15   12, 2008, transfer order.  See 28 U.S.C. §§ 1914(a) and 1915(b)(1).  The undersigned will hereby

16   confirm plaintiff's in forma pauperis status for the instant case and will, by separate order, direct

17   payment of the inmate filing fee by appropriate prison officials.

18           Finally, as to the defendants against whom the instant action properly proceeds,

19   Judge Wunderlich noted in his transfer order that plaintiff names two defendants residing in

20   Lassen County – M. Roche and R. Cox.  These defendants are prison officials at High Desert

21   State Prison.  Plaintiff also names other defendants residing within the boundaries of the

22   Sacramento division of this court.  Specifically, plaintiff names:  Donald A. Ramberg, M.D.,

23   whom plaintiff alleges to be a doctor with the "Medical Board of California" located in

24   Sacramento, and N. Grannis, the Chief of Inmate Appeal for the California Department of

25   Corrections and Rehabilitation, whose place of business is also located in Sacramento.

26   Therefore, this action shall proceed as against these four defendants only.  The Clerk of the Court

will be directed to terminate from the docket for this case all other named defendants against whom plaintiff's claims proceed in other courts.  Plaintiff's claims against defendants Roche, Cox, Ramberg, and Grannis will be addressed by separate order.

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's in forma pauperis status for this case is confirmed;

2.     Plaintiff is required to pay the full statutory filing fee of $350.00 for this action pursuant to 28 U.S.C. §§ 1914(a) and 1915(b)(1);

3.     No initial partial filing fee will be assessed pursuant to 28 U.S.C. § 1915(b)(1);

4.     Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's inmate trust account, such payments to be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the statutory filing fee is paid in full, pursuant to 28 U.S.C. § 1915(b)(2);

5.     By separate order, the court will direct payment of the inmate filing fee by appropriate prison officials;

6.     The Clerk of the Court is directed to terminate from the docket for this case all defendants except Roche, Cox, Ramberg, and Grannis; and

7.     Plaintiff's claims against defendants Roche, Cox, Ramberg, and Grannis will be addressed by separate order.

DATED:  July 17, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26